TRAVELERS INDEMNITY COMPANY, Respondent, vs. MANI-
TOWOC FARMERS CO-OPERATIVE DAIRY COMPANY and
another, Appellants.
MANITOWOC FARMERS CO-OPERATIVE DAIRY COMPANY,
Appellant, vs. ROWLEY, Respondent.

*April 3—May 8, 1928.*

*Automobiles: Speed limit: What constitutes hamlet.*

A place along a state trunk highway where there were seventeen
houses scattered in a distance of 1,200 to 1,500 feet is not a
"hamlet" within the meaning of sec. 85.08, Stats. 1923, limit-
ing the speed of motor vehicles through hamlets containing
more than ten houses or places of business averaging less than
200 feet apart to fifteen miles per hour, since in order to con-
stitute a hamlet—which is generally defined as a small village
—the community must be urban or semi-urban in character.
It is usually built around a nucleus such as a country store,
school house, blacksmith shop, or mill, which nucleus distin-
guishes it from areas where farm houses happen to be built in
somewhat close proximity to each other. OWEN, J., dissents.

APPEAL from two judgments of the circuit court for
Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Af-
firmed.*

Two actions begun July 22, 1925, arose out of a collision
on October 26, 1924, between an automobile driven by
*Harry Rowley* and a truck belonging to the *Manitowoc
Farmers Co-operative Dairy Company* and driven by Charles
Houghton. In the first action the *Travelers Indemnity
Company* recovered judgment on February 10, 1927, against
the *Manitowoc Farmers Co-operative Dairy Company* for
the expenses incurred in repairing the *Rowley* automobile,
which sum had been paid by it under its automobile indem-
nity policy. In the second action judgment was entered Feb-
ruary 10, 1927, dismissing the action brought by the *Mani-
towoc Farmers Co-operative Dairy Company* to recover from
*Harry Rowley* the cost of repairing the damage done to its
truck in the collision. The *Manitowoc Farmers Co-operative
Dairy Company* appealed from both judgments.

The two actions were tried together. The jury found that Houghton, the driver of the truck, failed to exercise ordinary care in the operation of the truck, which was the proximate cause of the injury done to both vehicles, and that *Rowley* did not fail to exercise ordinary care in the operation of his automobile.

For the appellants there were briefs by *North, Parker, Bie & Welsh,* attorneys, and *Samuel D. Hastings,* of counsel, all of Green Bay, and oral argument by *Rodney C. Welsh.*

For the respondents there was a brief by *Hougen & Brady* of Manitowoc, and oral argument by *A. L. Hougen.*

STEVENS, J. The fundamental contention upon which this appeal is based is that it must be held as a matter of law that *Rowley* was guilty of negligence because he testified that he was driving his automobile between twenty-five and thirty miles per hour just before the collision.

The collision occurred on a state trunk highway just north of the city limits of the city of Manitowoc where there were seventeen houses, scattered along this highway in a distance of from twelve to fifteen hundred feet. All of these houses were on one side of the road, except three which were at the upper end of this portion of the highway.

Appellant's contention that *Rowley* was guilty of negligence as a matter of law is based upon the provision of sec. 85.05 of the Statutes of 1923 which prohibits the operation of any motor vehicle "along any highway in any city or village or through any hamlet which contains more than ten houses and places of business at a rate of speed exceeding fifteen miles per hour, except where the houses and places of business shall average more than two hundred feet apart, where a safe rate of speed not exceeding twenty miles an hour may be used; nor elsewhere on any public highway at a speed exceeding thirty miles per hour."

The collision occurred outside the limits of any city or village. If the speed was in excess of that fixed by this statute it was because the place of collision was within a

"hamlet which contains ten or more houses and places of business." The question whether the speed was excessive turns on the meaning of the word "hamlet" as used in this statute.

If it had been the intent of the legislature to prohibit a speed in excess of fifteen miles per hour wherever houses and places of business were so located that they average less than two hundred feet apart, there would have been no necessity for the requirement that the place in question must be within a city, a village, or a hamlet. If the legislative intent had been to apply this speed limit to all places outside of any city or village where the houses average less than two hundred feet apart, it would have used such words as "town" or "township."

In defining the area to which this limit of fifteen miles per hour applied, outside the limits of cities and villages, the legislature selected the word "hamlet," which had a fixed and definite meaning in the early English law. It was an organized community with definite powers and responsibilities. It was commonly a tithing. *Anonymous*, 12 Mod. 546, 88 Reprint, 1508. A tithing was a community whose inhabitants were mutually responsible for each other's misdeeds and who were under the superintendence of a chief of the tithing, known as the head tithing man, who decided all lesser controversies between neighbors. 3 Bouv. Law Dict. (Rawle's 3d Rev.) 3281; 1 Holdsworth's History of English Law, 13; 1 Blackstone, Commentaries, 114, 115.

Outside of a few states like Ohio and Michigan, the hamlet has ceased to possess any of the governmental functions which it had in the early English law. It is generally defined as "a small village." 29 Corp. Jur. 210; 4 Century Dict. 2696; Standard Dict. 1108; 2 Bouv. Law Dict. (Rawle's 3d Rev.) 492; March's Thesaurus, 477.

In Wisconsin a village is defined to be "an assemblage of houses less than a city, but nevertheless urban or semi-urban in its character, and having a density of population greater

than can usually be found in rural districts." *State ex rel. Holland v. Lammers,* 113 Wis. 398, 413, 86 N. W. 677, 89 N. W. 501.

In order that a community may be a hamlet or a small village it must be urban or semi-urban in character.   It is usually built around a nucleus such as a country store, a school house, a blacksmith shop, or a·mill.   This nucleus distinguishes it from areas where farm houses happen to be built in somewhat close proximity to each other.

When the word "hamlet" is given its historical meaning, a logical reason appears for this limitation of speed to fifteen miles an hour.   It is in cities, villages, and small urban communities that cluster around some nucleus that people are likely to be upon the highway.   It is in such areas that automobiles should be operated at a speed which will give drivers such control over their machines that they can be stopped in a comparatively short distance, when necessary for the safety of the public.

The legislature evidently had in mind the existence of some business place as a nucleus of the hamlet when it enacted sec. 85.08 of the Statutes of 1923, for it, in effect, defined a "hamlet" as a community that "contains more than ten houses *and* [not *or*] places of business,"—thus indicating that it used the word "hamlet" to define a community that had both houses *and* places of business.

The court concludes that the statute here in question did not limit the speed of the *Rowley* automobile to fifteen miles per hour at the time of the collision, and that the testimony presented an issue of fact for the jury upon the question of his negligence, and that its verdict upon this issue is sustained by the evidence.

*By the Court.*—Judgments affirmed.

OWEN, J. (*dissenting*).   The decision in these cases pays tribute to the refinement and nicety of legislative expression, but convicts the legislature of an absurdity.   The tribute is

too fulsome and the reflection unnecessary.    I could agree with the decision if the most vivacious imagination could but faintly glimmer some reason for protecting all populated districts from the perils of excessive speed except residential communities reaching beyond the corporate boundaries of cities or villages.

There is no safer rule to be employed in statutory construction than to consider the legislative intent, and no more imperative duty rests upon courts than to give effect to manifest legislative purpose.    The purpose of this statute was to promote safety.    It first provided a limitation upon speed in cities and villages.    These are corporate entities and easily designated.    However, it was realized that there were other populated districts not constituting corporate entities which were entitled to the same protection.    In searching for a word that would aptly describe such unincorporated districts the legislature made use of the word "hamlet."    If the opinion of the court establishes anything it establishes the fact that the word "hamlet" is one of precarious meaning. The historical investigation indulged by the court in order to arrive at a satisfactory meaning of the word leads one to wonder whether the legislature employed the word in the statute under consideration with the same acumen and perspicacity.    Notwithstanding the fact that the court announces a satisfactory meaning of the word, I submit that its meaning when used in common parlance is so doubtful that we should look for the legislative purpose before attempting a construction of its meaning in the statute here under consideration.    To my mind, the legislative purpose to protect all congested communities from the perils of excessive speed is apparent, and the construction which the court gives the statute defeats that purpose.    Residential districts extending beyond the corporate boundaries of cities or villages are placed in the same peril from the excessive speed of automobiles as are cities and villages and those communities which the court holds to be properly and technically desig-

nated as "hamlets." It cannot be conceived that the legislature intended any such discrimination. By this decision many communities of the state are subjected to the perils of excessive speed, which I cannot believe was the legislative intent. In my opinion the judgments should be reversed.